SHIRLEY S. ABRAHAMSON, J.
¶ 46. {concurring). I agree that the decision of the court of appeals should be affirmed. I would affirm the decision, however, by dismissing the petition for review as having been improvidently granted.
¶ 47. The court should dismiss the petition as improvidently granted because, as the majority opinion explains at length, the two issues the parties raised were decided by the court of appeals consistently with Showers Appraisals, LLC v. Musson Bros., Inc., 2013 WI 79, 350 Wis. 2d 509, 835 N.W.2d 226, and Estate of Lyons v. CNA Insurance Companies, 207 Wis. 2d 446, 558 N.W.2d 658 (Ct. App. 1996).[1] The majority opinion should not be read as deviating from Showers and Lyons or changing our governmental contractor immunity law in any way.
¶ 48. A third issue was directed to the parties in the court's order granting the petition for review. The parties were directed to address whether the Diggers Hotline statute, Wis. Stat. § 182.0175(2), creates a ministerial duty, and to discuss the relevance of the statute to the case, whether the facts in the record demonstrate compliance with the statute, and if so, how. Justices Ann Walsh Bradley and Annette K. *470 Ziegler concurred in this order, expressing their concern that this third issue "could place this court in the role of fact-finder." Their concern proved prescient.
¶ 49. With regard to this third issue, the majority opinion recites and applies well-established principles of summary judgment law, and then declares that no issue of material fact exists regarding whether Pro Electric complied with its duties under Wis. Stat. § 182.0175(2).
f 50. My final comment on dismissal regards issues that members of the court have raised previously in government immunity cases, but that are not raised or answered by the parties or the court in the instant case: Should the court revisit the interpretation of Wis. Stat. § 893.80? Revisit Wisconsin case law defining legislative, quasi-legislative, judicial, and quasi-judicial functions? And revisit Holytz v. City of Milwaukee, 17 Wis. 2d 26, 115 N.W.2d 618 (1962)?[2] These issues are not before the court and should not be decided in the instant case. We should not bypass the adversary process.[3]
*471 ¶ 51. Because the majority opinion does not in any way develop the law of the state, which is the function of this court,[4] the petition for review should be dismissed as improvidently granted.

 The parties raised two issues for this court to address:
Was Pro Electric Contractors acting as a governmental agent as that term is used in Wis. Stat. § 893.80(4)?
Was the alleged injurious conduct caused by the implementation of a government decision for which immunity is available under Wis. Stat. § 893.80(4)?

 See Bostco LLC v. Milwaukee Metro. Sewage Dist., 2013 WI 78, ¶¶ 131-138, 350 Wis. 2d 554, 835 N.W.2d 160 (Abrahamson, C.J., dissenting); Nicholas J. Bullard, Comment, Pushing the Reset Button on Wisconsin's Governmental Immunity Doctrine, 2014 Wis. L. Rev. 801.

 "As various members of this court have said, we should not 'reach out and decide issues' that were not presented to the court by the parties." Dairyland Greyhound Park, Inc., v. Doyle, 2006 WI 107, ¶ 335, 295 Wis. 2d 1, 719 N.W.2d 408 (Roggensack, J., concurring in part and dissenting in part) (quoting Town of Beloit v. Cty. of Rock, 2003 WI 8, ¶ 72, 259 Wis. 2d 37, 657 N.W.2d 344 (Abrahamson, C.J., dissenting)). See also State v. Thompson, 2012 WI 90, ¶¶ 9, 57, 342 Wis. 2d 674, 680, 695, 818 N.W.2d 904 (declaring that the court should not decide issues that are not briefed).
*471 The United States Supreme Court has often explained the fundamental importance of the adversarial presentation of issues. See, e.g., Penson v. Ohio, 488 U.S. 75, 84 (1988); Polk Cty. v. Dodson, 454 U.S. 312, 318 (1981); Mackey v. Montrym, 443 U.S. 1, 13 (1979).

 Wis. Stat. § (Rule) 809.62(1r); State v. Moeck, 2005 WI 57, ¶ 94, 280 Wis. 2d 277, 314, 695 N.W.2d 783, 802 (Prosser, J., dissenting) ("The [Wisconsin] supreme court is a law-defining, law-developing court.") (citing Cook v. Cook, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997)).